**MORGAN ASSOCIATES, INC., Appellant,**

v.

**MIDWEST MUTUAL INSURANCE CO., Colonial Insurance Company of California, Respondents.**

No. C4–94–58.

Court of Appeals of Minnesota.

Aug. 9, 1994.

Marc G. Kurzman, Kurzman, Grant & Ojala, Minneapolis, for Morgan Associates, Inc.

Thomas J. Niemiec, Bassford Heckt Lockhart Truesdell & Briggs, Minneapolis, for Midwest Mut. Ins. Co.

Louis A. Dovre, Brenda L. Tonjes, Rider Bennett Egan & Arundel, Minneapolis, for Colonial Ins. Co. of California.

Considered and decided by KLAPHAKE, P.J., and RANDALL and NORTON, JJ.

## OPINION

RANDALL, Judge.

Appellant Morgan Associates, Inc., commenced this action seeking a declaratory judgment that respondent insurance companies violated the provisions of Minn.Stat. § 60A.171 (1992) (rehabilitation and cancellation of agency contracts by fire and casualty loss insurance companies). Appellant's claim for relief was based on its assertion that respondents constructively terminated insurance agency contracts without complying with the requirements of attempted rehabilitation as required by the statute. The trial court granted summary judgment in favor of respondents, concluding that neither respondent terminated an agency contract, but rather, they simply imposed restrictions upon appellant by limiting its authority to write new business. The trial court concluded that appellant's assertion of "constructive termination" has no basis in law and section 60A.171 does not apply to appellant's claim. We affirm.

## FACTS

Appellant Morgan Associates, Inc., is an insurance agency specializing in motorcycle insurance and high risk automobile insurance. Respondents Midwest Mutual Insurance Company (Midwest Mutual) and Colonial Insurance Company of California (Colonial) write insurance contracts in the State of Minnesota. Appellant has represented respondent Midwest Mutual since April of 1981 and Colonial since April of 1986. By letter dated May 1, 1992, respondent Colonial advised appellant that effective May 15, 1992, appellant would be restricted from writing any new business until further notice. Colonial noted that appellant's loss ratio for the preceding 12 months was 91.7 percent. Colonial noted that the goal was to rehabilitate the agency by restricting new business but continuing to issue renewal policies so as to accumulate earned premium to offset the incurred losses. The letter indicated that Colonial will review the situation on a monthly basis.

By letter dated November 18, 1992, respondent Midwest Mutual informed appellant that it would be placing the agency on "limited authority" status until appellant's overall loss development fell below 50 percent. The change restricted appellant from writing any new business for Midwest Mutual, but appellant was allowed to offer renewals and receive commissions on any existing business. Midwest Mutual offered several suggestions to help appellant improve its loss ratios and expressed a desire to sustain the agency relationship.

Appellant commenced this action against respondents Colonial and Midwest Mutual alleging the insurance companies violated the provisions of Minn.Stat. § 60A.171. The statute provides that after an agency contractual relationship has been in effect for a period of three years, an insurance company may not terminate the relationship with the insurance agency without first attempting to rehabilitate the agent. Minn.Stat. § 60A.171, subd. 1(a). The statute requires the insurance company to provide written notice of intent to rehabilitate. *Id.* The statute goes on to provide various requirements that the insurance company must follow. The requirements of the statute include proper notice and an opportunity for the agent to rehabilitate its business.

Respondents brought separate motions for summary judgment. In separate orders, the trial court granted summary judgment in favor of respondent insurance companies. Judgment was entered accordingly and this appeal follows.

### ISSUE

Did the trial err by granting summary judgment in favor of respondents?

### ANALYSIS

On appeal from summary judgment, this court must determine whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. *Offerdahl v. University of Minnesota Hosp. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988).

Minn.Stat. § 60A.171, subd. 1(a) provides:

After an agency contractual relationship has been in effect for a period of three years, an insurance company writing fire or casualty loss insurance in this state may not terminate the agency contractual relationship with any appointed agent unless the company has attempted to rehabilitate the agent as provided in subdivision 4. The insurer shall provide written notice of intent to rehabilitate.

Subdivision 4 of the statute requires the insurance company to negotiate in good faith in an effort to reach an agreement with the agent on a written plan for rehabilitation. The company is required to do so before "terminating" the agency contract. Minn. Stat. § 60A.171, subd. 4(a). The statute then provides specific elements which must be contained in the written rehabilitation plan

(1) identification by the company of the problem areas which need rehabilitation;

(2) what the agent must do to avoid termination;

(3) how the company intends to assist the agent to avoid termination;

(4) the mutually agreed upon corrective action to be undertaken by the agent and the specific target dates for accomplishment;

(5) periodic meeting dates at which the status of rehabilitation will be reviewed; and

(6) the term of the written plan which must extend for at least one year.

Minn.Stat. § 60A.171, subd. 4(b).

Appellant asserts that the restrictions placed on its ability to write new business for respondents constitutes a "termination" within the meaning of section 60A.171. As such, appellant argues, respondents were required to give proper notice and an opportunity to rehabilitate the agency.

In granting summary judgment in favor of respondents, the trial court found that neither respondent terminated appellant's agency contract. We agree. Although the trial court did not include a memorandum of law with its order for summary judgment, presumably, the trial court concluded that the restrictions placed upon appellant's authority to write new business for respondents did not amount to a true termination of the agency contractual relationship within the meaning of the statute. As respondents point out, appellant's ability and/or authority to offer renewals and receive commissions on existing policies was not affected by the restrictions. Appellant does not dispute that it continued to serve as an agent for both Midwest and Colonial despite the new business restrictions placed upon its authority.

Under the terms of the statute, an insurance company may not terminate the agency contractual relationship without first attempting to rehabilitate the agent. The first step towards rehabilitation is to provide the agent with written notice of intent to rehabilitate. Minn.Stat. § 60A.171, subd. 1(a). An attempt to rehabilitate requires a good faith effort by the insurance company to reach a mutual agreement with the agent on a written plan for rehabilitation. Minn.Stat. § 60A.171, subd. 4(a). If the agent and the insurance company are unable to reach a mutually acceptable plan of rehabilitation, the company may terminate the agency contractual relationship. Minn.Stat. § 60A.171, subd. 1(b). Before doing so, however, the insurance company must provide written notice of termination to the agent at least 90 days in advance. *Id.*

Appellant, who wants the benefits of "being terminated" in order to argue that respondents failed to follow the statute, argues that the effect of the restrictions amounted to a "constructive termination." There is no such term in the statute. Further, there is nothing in the legislative record to indicate the legislature intended that limitations and/or restrictions put upon an agency's ability to write new business would trigger the "termination" protections afforded by the statute.

We conclude the trial court acted properly in finding respondents did not terminate or cancel their agency relationship with appellant. The suggestions and the directions to appellant from respondents do overlap somewhat with the formal requirements for "rehabilitation." But respondents' actions did not amount to agency termination. Respondents were free to make suggestions and temporarily limit appellant's business without coming under the purview of the termination statute.

Appellant cannot and does not dispute that it continued to act as an agent for both Midwest Mutual and Colonial after the restrictions were put into place. Appellant was still permitted to offer renewal policies and to earn commissions on all existing business. We find no termination of the agency relationship.

## DECISION

The provisions of Minn.Stat. § 60A.171 do not apply to the facts of this case because there was no termination of an agency relationship. Summary judgment in favor of respondents was appropriate.

**Affirmed.**